# EXHIBIT 2



*1023927106*

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**

FEB 1 2 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

**ALLEN LITCHFIELD,**
an individual,

**Plaintiff,**

v.

**STEPHEN PHILLIP ROBERTSON,**
an individual,

**Defendant.**

Case No.:
Honorable Judge:

**CJ-2014-00579**

Rebecca Brett Nightingale

**ATTORNEY LIEN CLAIMED**

## PETITION

COMES NOW the Plaintiff, Allen Litchfield, by and through his attorneys of record, Oleg Roytman and Donald E. Smolen, II, of Smolen, Smolen & Roytman, PLLC, and for his cause of action against the Defendant, Stephen Phillip Robertson, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, Oklahoma.

2. Defendant Stephen Phillip Robertson is a resident of Tulsa County, Oklahoma.

3. The accident and injuries that are the subject of this dispute occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

1

6.  On or around February 25, 2012, Plaintiff was stopped facing east at a stop light at 15th street and Utica Avenue in Tulsa, Oklahoma.

7.  On or around February 25, 2012, Defendant Stephen Phillip Robertson was traveling behind Plaintiff.

8.  On the day of the subject accident, Defendant Stephen Phillip Robertson had consumed a substantial amount of alcohol before driving his vehicle.

9.  As Plaintiff was stopped at the stoplight, Defendant Stephen Phillip Robertson, in his drunken state, violently rear ended Plaintiff's vehicle.

10. This collision resulted in substantial damage to Plaintiff's vehicle.

11. Defendant Stephen Phillip Robertson fled the scene of the accident.  He was later apprehended at a local grocery store and arrested for driving under the influence ("DUI"), hit and run, inattentive driving and parking in a handicapped zone.

12. As a result of Defendant's negligence, Plaintiff sustained serious and permanent injuries to his person.  Plaintiff has also incurred significant lost wages due to missing work from his injuries.

13. Plaintiff initiated a claim with Defendant's liability insurance carrier, Columbia Insurance Company, in an effort to have his medical bills and lost wages paid for the damages he had sustained due to the clear negligence of the Defendant.

14. Plaintiff offered to settle his claims against Defendant on several occasions for Defendant's policy limits, subject to Plaintiff's insurance waiving its right of subrogation.

15. However, despite Plaintiff's good faith attempt to settle this matter without litigation, Defendant's insurance company wholly failed to offer Plaintiff any

compensation, despite the extent of damages incurred by Plaintiff and the Defendant's clear liability.

## CAUSES OF ACTION

### I. Negligence/Negligence *Per Se*

16. Paragraphs 1-15 are incorporated herein by reference.

17. The Defendant owed a duty to the Plaintiff and all others on the public roads, to operate the vehicle under his control in a safe and reasonable manner, using ordinary care to prevent injury to other persons and to keep a lookout consistent with the safety of other pedestrians and vehicles. Defendant further had a statutory duty to refrain from operating his vehicle while under the intoxication of alcohol.

18. By failing to operate his vehicle in such a way, and by acting recklessly with complete disregard for the health and well being of the Plaintiff and all others, the Defendant breached its duty owed to the Plaintiff.

19. This breach by the Defendant was the actual and proximate cause of Plaintiff's injuries.

20. As a result of Defendant's negligence, the Plaintiff has suffered personal injury, including medical expenses, mental and physical pain and suffering, and other actual damages in excess of Ten Thousand Dollars ($10,000.00).

### II. Punitive Damages

21. Paragraphs 1-20 are incorporated herein by reference.

22. The intentional, wanton, and reckless conduct of the Defendant in disregard of Plaintiff and all others is and was conducted with full knowledge in that Defendant knew, or should have known, of the severe adverse consequences of his actions.

3

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual damages in excess of Ten Thousand Dollars ($10,000.00), with interest accruing from date of filing of suit, punitive damages in excess of Ten Thousand Dollars ($10,000.00), reasonable attorneys fees, and all other relief deemed appropriate by this Court.

Respectfully submitted by,
Smolen, Smolen & Roytman PLLC.,

Oleg Roytman, OBA #20321
Donald Smolen, II, OBA #19944
701 S. Cincinnati Ave.
Tulsa, OK 74119
P: 918-585-2667
F: 918-585-2669
*Attorney for Plaintiff*

4