# EXHIBIT 3




# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| ALLEN LITCHFIELD,<br>An Individual,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN PHILLIP ROBERTSON,<br>An Individual; and TWIN CITY FIRE<br>INSURANCE COMPANY, a Foreign<br>Corporation,<br><br>    Defendants. | CASE NO.: CJ-2014-579<br><br>JUDGE NIGHTINGALE<br><br>ATTORNEY LIEN CLAIMED<br><br>DISTRICT COURT<br>**F I L E D**<br><br>MAR 1 4 2014<br><br>SALLY HOWE SMITH, COURT CLERK<br>STATE OF OKLA. TULSA COUNTY |

## AMENDED PETITION

COMES NOW the Plaintiff, Allen Litchfield, by and through his attorneys of record, Smolen, Smolen & Roytman, PLLC, and for his cause of action against Defendants Stephen Phillip Robertson ("Robertson") and Twin City Fire Insurance Company ("Twin City") states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Tulsa County, Oklahoma

2. Defendant Robertson is a resident of Tulsa County, Oklahoma.

3. Defendant Twin City is a foreign corporation doing business in Oklahoma with substantial ties to Tulsa County, Oklahoma.

4. The acts and omissions that are the subject of this dispute occurred in Tulsa County, Oklahoma.

5. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.



## FACTS COMMON TO ALL CLAIMS

6. Paragraphs 1-5 are incorporated herein by reference.

7. On or around February 25, 2012, Plaintiff was stopped facing east at a stop light at 15th Street and Utica Avenue.

8. On or around February 25, 2012, Defendant Stephen Phillip Robertson was traveling behind Plaintiff.

9. On the day of the subject accident, Defendant Stephen Phillip Robertson had consumed a substantial amount of alcohol before driving his vehicle.

10. As Plaintiff was stopped at the stoplight, Defendant Stephen Phillip Robertson, in his drunken state, violently rear ended Plaintiff's vehicle.

11. This collision resulted in substantial damage to Plaintiff's vehicle.

12. Defendant Stephen Phillip Robertson fled the accident scene. He was later apprehended at a local grocery store and was arrested for Driving Under the Influence, Hit and Run, Inattentive Driving and Parking in a Handicapped Zone.

13. As a result of Defendant's negligence, Plaintiff sustained serious and permanent injuries to his person. Plaintiff has also incurred significant lost wages due to missing work from his injuries.

14. The vehicle Plaintiff was operating at the time of his accident was covered by a commercial insurance policy written by Defendant Twin City. Said policy included coverage for uninsured/underinsured motorist ("UM") benefits.

15. In May 2012 plaintiff advised Defendant Twin City of his intent to pursue a claim for UM benefits under the applicable policy.

16. Plaintiff submitted a UM demand to Defendant Twin City on or around February 7, 2014. Included within this demand was a copy of all applicable medical records and bills. Plaintiff requested Defendant Twin City pay the value of his claim within 30 days. Defendant Twin City has failed to do so.

## CAUSES OF ACTION

### (As To Defendant Robertson)

### I. Negligence/Negligence *Per Se*

17. Paragraphs 1-16 are incorporated herein by reference.

18. The Defendant owed a duty to the Plaintiff and all other pedestrians, to operate the vehicle under her control in a safe and reasonable manner, using ordinary care to prevent injury to other persons and to keep a lookout consistent with the safety of other pedestrians and vehicles. Defendant further had a duty to operate his vehicle while free from intoxication of alcohol.

19. By failing to operate the vehicle in such a way, and by acting recklessly with complete disregard for the health and well being of the Plaintiff and all other pedestrians, the Defendant breached its duty owed to the Plaintiff.

20. This breach by the Defendant was the actual and proximate cause of Plaintiff's injuries.

21. As a result of Defendant's negligence, the Plaintiff has suffered personal injury, including medical expenses, mental and physical pain and suffering, and other actual damages in excess of Ten Thousand Dollars ($10,000.00).

### (As to Defendant Twin City)

### I. Breach of Contract

22. Paragraphs 1-21 are incorporated herein by reference.

23. Plaintiff had a policy of uninsured/underinsured motorist coverage with Defendant Twin City on the vehicle driven by him.

24. That, at the time of the accident, the third party liable for said accident was underinsured.

25. That pursuant to the terms of the policy of insurance with Defendant Twin City this is a factual situation wherein the uninsured/underinsured motorist coverage contained in said policy with Defendant Twin City applies to the accident involving Plaintiff.

26. Plaintiff has requested Defendant Twin City tender payment under said policies for his injuries, and Defendant has failed to tender said payment in connection with said policies. Plaintiff has performed all conditions precedent under the policy.

27. Defendant has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of his damages. Said failure constitutes a breach of contract of said insurance policy, and Plaintiff is entitled to a judgment against Defendant Twin City for the personal injuries sustained while covered by such contract.

## II. Bad Faith

28. Paragraphs 1-27 are incorporated herein by reference.

29. Plaintiff had a policy of uninsured/underinsured motorist coverage with Defendant Twin City on the vehicle driven by him.

30. Plaintiff has requested Defendant Twin City tender any and all applicable policies of uninsured/underinsured motorist coverage.

31. Defendants have yet to tender the UM benefits owed to Plaintiff.

32. In its handling of Plaintiff's claim for benefits under the insurance policy, Defendant breached its duty to deal fairly and in good faith towards Plaintiff in the following respects:

   a. Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendant knew the Plaintiff was entitled to those benefits;

   b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

   c. Refusing to honor Plaintiff's claim without a legitimate, arguable reason and wholly lacking any evidence or support for its refusal;

   d. Unreasonably delaying payment of some benefits and denying Plaintiff's claim for some benefits without a reasonable basis;

   e. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

   f. Intentionally and recklessly misapplying the provisions of the insurance policy;

   g. Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying an amount that it owed by virtue of the insurance contract;

    h. Failing to properly investigate the Plaintiff's claim for benefits;

    i. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

    j. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff; and

    k. Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

33. As a direct result of Defendant's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

34. Defendant has acted intentionally, maliciously and in reckless disregard for the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

(AS TO ALL DEFENDANTS)

### I. Punitive Damages

35. Paragraphs 1-34 are incorporated herein by reference.

36. The intentional, wanton, and reckless conduct of the Defendants in disregard of Plaintiff and all others is and was conducted with full knowledge in that Defendants knew, or should have known, of the severe adverse consequences of their actions.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant him the relief sought, including but not limited to actual damages in excess of Ten Thousand Dollars ($10,000.00), with interest accruing from the date of filing of the suit, punitive damages in excess of Ten Thousand Dollars ($10,000.00), reasonable attorneys fees, and all other relief deemed appropriate by this Court.

Respectfully submitted,

**SMOLEN, SMOLEN & ROYTMAN, PLLC**

Donald Smolen, II, OBA #19944
701 S. Cincinnati Ave.
Tulsa, OK 74119
P: 918-585-2667
F: 918-585-2669
www.ssrok.com
*Attorney for Plaintiff*